UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORY EUGENE WINDLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:05-CV-2209-G |
| STATE OF TEXAS, | ) | |
| | ) | **ECF** |
| Respondent. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is a motion for extension of time which was received and filed by the court on November 7, 2005.[1] Petitioner thereby seeks two separate extensions of time -- an extension to respond to the notice of judgment from the Texas Court of Criminal Appeals and an extension to file a federal petition pursuant to 28 U.S.C. § 2254.

I. REQUESTED EXTENSIONS OF TIME

With respect to the requested extension of time to respond to the notice of judgment from the Texas Court of Criminal Appeals, a federal district court simply

---

[1] Neither the Federal Rules of Civil Procedure nor the Rules Governing Section 2254 Cases in the United States District Courts [hereinafter Habeas Rules] contemplate such a motion.

has no involvement regarding the extending of time to respond to a notice of judgment from a state court. Consequently, the court denies this request for extension of time.

With regard to the requested extension of time to file a federal petition pursuant to 28 U.S.C. § 2254, habeas applications filed pursuant to § 2254 are governed by federal statutes and rules. While 28 U.S.C. § 2244(d) establishes a one-year statute of limitations that applies to petitions for writ of habeas corpus filed pursuant to § 2254, the statute of limitations does not act as a deadline for filing that is subject to extension by order of the court. Instead, it acts as a bar to consideration of the claims raised in an untimely petition. Because the "1-year period of limitation shall apply" to a § 2254 petition upon its filing, the court has no authority to extend the one-year period prior to the filing of such a petition. After the filing of such a petition, the court may statutorily toll the limitations period consistent with the circumstances set forth in § 2244(d)(2) and may equitably toll the limitations period in appropriate circumstances, see *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). For these reasons, the court also denies petitioner's request for an extension of time to file a § 2254 petition.

## II. CONSTRUCTION OF MOTION AS A DEFECTIVE PETITION

In some cases, a request for extension of time may be construed as a petition pursuant to § 2254. Habeas Rule 2(c) places five specific requirements on federal

habeas petitions, including requirements that the petition "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested." Habeas Rule 2(d) also requires that § 2254 petitions "substantially follow" standard forms for such petitions. The filed motion for extension of time does not satisfy any of these requirements.

The court recognizes that the Advisory Committee Notes regarding the 2004 amendments to Habeas Rule 2 address the procedure for handling "defective" habeas petitions and states that "the better procedure [is] to accept the defective petition and require the petitioner to submit a corrected petition that conforms to Rule 2(c)" rather than to return an insufficient petition without filing it. However, the instant motion does not contain even one of the elements of a petition. It makes absolutely no reference to any grounds for relief pursuant to § 2254, provides no facts at all to support any such grounds for relief, and does not state the relief to be sought through a habeas petition. It is merely a request for an extension of time to file a petition pursuant to 28 U.S.C. § 2254. Accordingly, the court cannot construe the motion for extension of time as a defective § 2254 petition.

### III.  PROVISION OF APPROPRIATE FORMS

The clerk of the court is hereby directed to mail petitioner the appropriate form so that he may commence a separate action pursuant to 28 U.S.C. § 2254. Should petitioner file a § 2254 petition he shall explain why he believes it is timely

filed or why he believes equitable tolling is warranted.  The court has made no ruling on the limitations issue in this order.  Nothing in this order precludes the State from asserting limitations as a defense to a later-filed § 2254 petition.  Nothing in this order precludes the court from raising the limitations issue *sua sponte* if warranted.  See *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) (addressing *sua sponte* consideration of the limitations issue in the context of 28 U.S.C. § 2254); Habeas Rule 4.

## IV.  CONCLUSION

For the foregoing reasons, the court **DENIES** petitioner's motion for extension of time received November 7, 2005, (doc. 1).  The clerk of the court is **DIRECTED** to mail petitioner a standard form for filing a § 2254 petition in this court.  The clerk of the court is further **DIRECTED** to **CLOSE** this civil case.

**SO ORDERED**.

December 9, 2005.

_____
A. JOE FISH
CHIEF JUDGE